IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. _____

SINOX COMPANY LTD.,
a Taiwan corporation,

      Plaintiff,

v.

WORDLOCK, INC.,
a California corporation,

      Defendant.

**COMPLAINT FOR PATENT INFRINGEMENT WITH JURY DEMAND**

Plaintiff Sinox Company Ltd. ("Sinox"), for its Complaint against the above-named Defendant WordLock, Inc. ("WordLock"), alleges the following:

### I.  NATURE OF THE ACTION

1.  This is an action for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq*.

### II.  THE PARTIES

2.  Sinox is a Taiwan corporation with a principal place of business at Chian-I Road Section One, Lane 93, No. 2, 3F, Chung-Ho City, Taipei County, Taiwan.  Sinox is a leader in the design and manufacture of locks, including travel and luggage locks.

3.  WordLock is a corporation organized under the laws of the State of California with its principal place of business at 2855 Kifer Road, Suite 245, Santa Clara, California 95051.

### III. JURISDICTION AND VENUE

4. This is an action for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code.

5. This Court has subject matter jurisdiction over the asserted claim under 28 U.S.C. §§ 1331 and 1338.

6. WordLock is subject to personal jurisdiction in this judicial district because the activities giving rise to Sinox's claims occurred, at least in part, within this judicial district. Specifically, WordLock sells infringing products at least in Bed Bath & Beyond stores in Colorado. WordLock is also subject to personal jurisdiction in this judicial district because Sinox has been damaged in this judicial district by WordLock's tortious conduct.

7. Venue is proper in this judicial district under 28 U.S.C. §§ 1391 and 1400(b) because WordLock is subject to personal jurisdiction in this judicial district, has offered and/or induced others to offer infringing product for sale in this judicial district, and at least a part of the events giving rise to the asserted claim and of the resulting damage occurred in this district.

### IV. FACTS GIVING RISE TO PATENT INFRINGEMENT

8. Sinox is the owner of all right, title and interest in and to U.S. Patent No. 7,174,756 ("the '756 Patent"), entitled PADLOCK. A copy of the '756 Patent is attached as **Exhibit A** hereto and incorporated by reference in its entirety.

9. The '756 Patent relates to a padlock having a key operating means that controls the locking and unlocking of a shackle. Under the operation of a key, a latching tube drives a stop member between a first and second position to either secure or release the free end of a shackle.

10. The '756 Patent includes 13 claims, Claim 1 of which is independent and states:

> 1. A padlock, comprising:
> a casing;
> a shackle having a free first end and a second end, the second end being pivotally connected to the casing;
> a locking mechanism received within the casing and limiting the axial movement of the second end of the shackle;
> a key operating means comprising a latching tube and a key, wherein the latching tube is received and operative to be moved within the casing and adapted to receive the key therein and moved in conjunction with the movement of the key; and
> a stop member driven by the latching tube so as to be moved in conjunction with the latching tube operated by the key between a first position where the first end of the shackle can be rotated by using the second end thereof as a center of rotation when the axial movement of the second end of the shackle is limited by the locking mechanism, and a second position where the stop member prevents the first end of the shackle from moving and the shackle and the casing co-define a closed loop.

11. Sinox manufactures and sells padlocks made according to claims of the '756 Patent to retailers who, in turn, sell the padlocks throughout the United States.

12. WordLock offers for sale and sells throughout the United States, including in this District, locks under the brand name "WordLock," including a luggage lock having model number LL-207-SL, that infringe the '756 Patent under 35 U.S.C. § 271. Upon information and belief, WordLock also offers for sale and sells throughout the United States, including in this District, luggage locks having model numbers LL-203-BK, LL-204-GN, LL-205-PK, LL-206-RD, and LL-277-A1, that also infringe the '756 Patent under 35 U.S.C. § 271. Attached as **Exhibit B** hereto is an instruction manual for these products taken from WordLock's website www.wordlock.com.

13. Upon information and belief, WordLock has imported the luggage locks identified above into the United States from China.

14. WordLock offers for sale and sells the luggage locks identified above to third-party retailers, including at least Bed Bath & Beyond, who in turn offer for sale and sell the luggage locks to end users.

15. Upon information and belief, WordLock has been on notice of the '756 Patent and has continued to offer for sale and sell products that infringe the '756 Patent, thus WordLock's actions have been willful.

## V.  FIRST CLAIM FOR RELIEF
### (Patent Infringement Under 35 U.S.C. § 271)

16. The allegations set forth in the foregoing paragraphs 1 through 15 are hereby realleged and incorporated herein by reference.

17. WordLock has directly infringed one or more claims of the '756 Patent, in violation of 35 U.S.C. § 271, in this judicial district and elsewhere at least by selling, offering for sale, and/or importing into the United States a product or products that infringe one or more claims of the '756 Patent, including but not limited to the WordLock luggage locks having model numbers LL-203-BK, LL-204-GN, LL-205-PK, LL-206-RD, LL-207-SL, and LL-277-A1 ("Accused Products").

18. WordLock has indirectly infringed one or more claims of the '756 Patent, in violation of 35 U.S.C. § 271, in this judicial district and elsewhere at least by inducing and/or contributing to the direct infringement, by third parties, of one or more claims of the '756 Patent.

19. Upon information and belief, WordLock had actual knowledge of the '756 Patent and of its alleged infringement of that patent since before the filing of this Complaint, and its infringement of the '756 Patent was willful and in wanton disregard of Sinox's patent rights.

20.     Because of WordLock's infringement of the '756 Patent, Sinox has suffered and will continue to suffer irreparable harm in this judicial district.

## VI.     PRAYER FOR RELIEF

WHEREFORE, Sinox prays for judgment in its favor and against WordLock as follows:

a.      That WordLock has infringed one or more claims of Sinox's '756 Patent;

b.      That WordLock, its officers, directors, agents, servants, employees, privies, representatives, attorneys, parent and subsidiary corporations or other related entities, successors, assigns, licensees, retail distributors, importers, manufacturers and all persons in active concert or participation with any of them, be preliminarily and permanently enjoined from further acts of infringement of the '756 Patent;

c.      That Sinox be awarded damages in an amount to be determined at trial for WordLock's infringing activities, which are at least a reasonable royalty pursuant to 35 U.S.C. § 284;

d.      That Sinox be awarded treble damages by reason of the willful, wanton, and deliberate nature of WordLock's infringement pursuant to 35 U.S.C. § 284;

e.      That Sinox be awarded its pre-judgment and post-judgment interest;

f.      That Sinox be awarded costs and expenses of suit, including expert witness fees;

g.      That Sinox be awarded its attorneys' fees as this is an exceptional case under 35 U.S.C. § 285;

h.      That WordLock be ordered to deliver to Sinox, for destruction at Sinox's option, all products that infringe Sinox's Patents;

   i. That WordLock be required to account for all gains, profits, advantages, and unjust enrichment derived from its violations of law; and

   j. That Sinox be awarded other and further relief as the Court deems appropriate and just.

## VII. JURY DEMAND

Sinox demands a trial by jury on all issues so triable.

          Respectfully submitted,

Dated:  October 10, 2014    By:  s/ Todd P. Blakely
          Todd P. Blakely
           *tblakely@sheridanross.com*
          David B. Kellis
           *dkellis@sheridanross.com*
          SHERIDAN ROSS P.C.
          1560 Broadway, Suite 1200
          Denver, Colorado 80202-5141
          Phone: (303) 863-9700
          Fax:    (303) 863-0223
          *litigation@sheridanross.com*

         ATTORNEYS FOR PLAINTIFF
         SINOX COMPANY LTD.