**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Civil Action No. 1:14-cv-02797-CMA-KLM

SINOX COMPANY LTD., a Taiwan corporation,

    Plaintiff,

v.

WORDLOCK, INC., a California corporation,

    Defendant.

---

**ORDER DENYING DEFENDANT'S MOTION TO DECLARE CASE EXCEPTIONAL AND FOR AN AWARD OF ATTORNEYS' FEES AND COSTS (DOC. # 44)**

---

This matter is before the Court on Defendant WordLock, Inc.'s ("WordLock") Motion to Declare Case Exceptional and for an Award of Attorneys' Fees and Costs and Statement of Compliance with Civil Rule 7.1. (Doc. # 44.) Plaintiff Sinox Company Ltd. ("Sinox") filed a response opposing the motion (Doc. # 50), and WordLock filed a reply (Doc. # 54). For the reasons set forth below, the Court denies WordLock's motion.

### I. BACKGROUND

On October 10, 2014, Sinox filed this case alleging patent infringement by WordLock. (Doc. # 1.) Sinox is a Taiwanese corporation with its principal place of business in Taiwan, and it is engaged in the design and manufacture of locks, including travel and luggage locks. (Doc. # 1 at ¶ 2.) WordLock is a California corporation also engaged in the key lock market. (Doc. # 44 at 3.) The patent originally at dispute in this action was U.S. Patent 7,174,756 ("the '756 patent"), owned by Sinox. (Doc. # 1 at ¶ 8.) The '756 Patent concerns a class of luggage locks that have two separate opening

mechanisms, a combination lock that can be used by the owner and a key lock that can be used by the Transportation Security Administration to open checked luggage for screening.  (Doc. # 1 at ¶¶ 8-10.)

On January 20, 2015, shortly after this action was brought, the parties filed a Notice of Resolution indicating that a resolution of Sinox's claims had been reached and that a stipulation of dismissal would soon be filed.  (Doc. # 23.)  However, no settlement was reached, and Sinox filed a motion requesting that the Court dismiss its claims against WordLock with prejudice and also dismiss WordLock's counterclaims.  (Doc. # 27.)  WordLock opposed the motion in part and requested that the Court declare the case exceptional pursuant to 35 U.S.C. § 285 and award it attorney fees and costs.  (Doc. # 33.)  On April 29, 2015, the Court issued an order granting Sinox's motion to dismiss and denying WordLock's request to declare the case exceptional on the basis that such request was not made by motion.  (Doc. # 41.)

Subsequently, after the matter was dismissed, WordLock filed the present motion requesting that the Court declare the case exceptional and award it attorney fees and costs.  (Doc. # 44.)  WordLock argues that Sinox knew or should have known that its claims were frivolous and that it was grossly negligent in bringing the action against WordLock.  (Doc. # 44 at 11-13.)  WordLock premises this argument on a Supplemental Information Disclosure Statement ("IDS") filed by Sinox with the United States Patent Office on May 1, 2008.  (Doc. # 44 at 11-13); *see also* Supplemental Information Disclosure Statement (Doc. # 33-2).  WordLock contends that, in the course of preparing to defend this litigation against Sinox, it became aware that Sinox had filed the IDS in conjunction with applications for two continuation patents within the '756

Patent family directed to the same invention as the '756 Patent.[1] (Doc. # 44 at 5.) This IDS, which was submitted after the '756 Patent had been granted, discloses as prior art a Chinese patent application with an accompanying translation prepared by Sinox. (Doc. # 33-2.) The IDS submitted to the Patent Office notes that the prior art is "material to patentability of [Sinox's] invention." (Doc. # 33-2 at 2.) Subsequently, the Patent Office rejected all claims in the continuation applications as anticipated by the Chinese prior art, except for one claim in the '404 Application. (Doc. # 33-8.) The '756 Patent, however, has not been invalidated.

WordLock contends that, despite being aware that Sinox's '756 Patent was likely anticipated by prior art, Sinox nonetheless brought this action against WordLock and only sought to dismiss its own claims after WordLock's counsel learned of the IDS. (Doc. # 44 at 7-8.) WordLock argues that, because the continuation applications were directed to the same invention as the '756 Patent and were both rejected on the basis of the Chinese prior art, that Sinox was undoubtedly aware that it could not enforce its patent against WordLock. (Doc. # 44 at 7-8.)

Sinox concedes that its counsel "knew about a Chinese published patent application in February 2010" but claims that, when its counsel conducted a pre-filing investigation in October 2014 prior to filing this suit, neither he nor Sinox "remember[ed]" the Chinese prior art. (Doc. # 50 at 1-2.) Sinox states that once its

---

[1] "A continuation is a second application for the same invention claimed in a prior nonprovisional application and filed before the original prior application becomes abandoned or patented. . . . The disclosure presented in the continuation must be the same as that of the original application." Manual of Patent Examining Procedure 201.07. The continuation applications at issue here specifically involved child application U.S.S.N. 11/671,404 ("404 Application") and grandchild application U.S.S.N. 11/688,190 ("190 Application). (Doc. # 33-13.)

3

counsel were made aware of the Chinese prior art by WordLock's counsel, Sinox moved to voluntarily dismiss the case, indicating that it acted in good faith at all times during the course of the litigation. (Doc. # 50 at 1-2.) Sinox notes that because the IDS is not part of the '756 Patent file history, its counsel's pre-filing investigation did not reveal the Chinese prior art. (Doc. # 50 at 3-4.) In support, Sinox provides declarations of its corporate representative and from its counsel stating that they did not remember the Chinese prior art. *See* Ling Declaration (Doc. # 35) and Blakely Declaration (Doc. # 36).

## II. **LEGAL STANDARD**

Section 285 of the Patent Act provides that a court "in exceptional cases may award reasonable attorney fees in patent litigation" to the prevailing party. 35 U.S.C. § 285. The Federal Circuit Court of Appeals and other district courts have found that the defendant is the prevailing party when the plaintiff voluntarily dismisses its claims. *Highway Equip. Co. Inc. v. FECO, Ltd.*, 469 F.3d 1027, 1035 (Fed. Cir. 2006); *Realtek Semiconductor Corp. v. Marvell Semiconductor, Inc.*, 2005 WL 3634617, at *3 (N.D. Cal. 2005); *Samsung Elec. Co. v. Rambus Inc.*, 440 F. Supp. 495, 511 (E.D. Va. 2006).

In *Octane Fitness, LLC v. Icon Health & Fitness, Inc.*, the United States Supreme Court recently defined the standards applicable to a motion for attorney fees under § 285. *Octane Fitness, LLC v. Icon Health & Fitness, Inc.*, 134 S. Ct. 1749, 1756 (2014). In *Octane Fitness*, the Court provided a broad definition of an "exceptional" case, holding that

> an "exceptional" case is simply one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated.

4

*Octane Fitness*, 134 S. Ct. at 1756.  The Court explained further that fee-shifting is warranted when "a party's unreasonable conduct—while not necessarily independently sanctionable—is nonetheless so 'exceptional' as to justify an award of fees."  *Id*. at 1757.  Either subjective bad faith or objectively baseless claims alone may warrant fee-shifting under § 285.  *Id*.  The Court noted a non-exclusive list of factors to consider including "frivolousness, motivation, objective unreasonableness (both in the factual and legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence."  *Id*. at 1756 n.6.  The Court rejected the application of a clear-and-convincing standard of proof to establish an exceptional case.  "[N]othing in § 285 justifies such a high standard of proof.  Section 285 demands a simple discretionary inquiry; it imposes no specific evidentiary burden, much less such a high one.  Indeed, patent-infringement litigation has always been governed by a preponderance of the evidence standard . . . ."  *Id*. at 1758.

Subsequent to *Octane Fitness*, the Federal Circuit has employed a two-pronged analysis that considers (1) the substantive strength of a party's litigation position, and (2) whether a party litigated a case in an unreasonable manner.  For example, in *SFA Systems, LLC v. Newegg Inc.*, 793 F.3d 1344, 1348 (Fed. Cir. 2015), the Federal Circuit noted that "[a] party's position on issues of law ultimately need not be correct for them to not 'stand[ ] out,' or be found reasonable."

### III. ANALYSIS

WordLock argues that the fact that Sinox knew or should have known about the Chinese prior art, which was admittedly material to the patentability of Sinox's invention, supports the conclusion that Sinox and its counsel were grossly negligent.  (Doc. # 44 at

13.) WordLock also argues that such negligence confirms that this case stands out from others with respect to the substantive strength of a plaintiff's litigating position.

The Court finds that this case is not an exceptional case within the purview of Section 285. Here, as both parties concede, there is potentially case-dispositive prior art in the prosecution histories of two separate patent applications: the '404 Application and the '190 Application. (Doc. # 44 at 5; Doc. # 50 at 4-5.) However, even where litigation is brought "in spite of case-dispositive specifications or prosecution histories," courts have typically only allowed fees where "the plaintiff asserted its claim in bad faith"; "proposed a frivolous claim construction"; "ignored the entirety of the specification and prosecution history"; and "derived no support from the intrinsic record." *Vasudevan Software, Inc. v. Microstrategy, Inc.*, 11-cv-06637, 2015 WL 4940635, at *4 (N.D. Cal. Aug. 19, 2015); *see also Canvs Corp. v. Nivisys, LLC*, 14-cv-00099, 2016 WL 659155, at *2 (M.D. Fla. Feb. 18, 2016).

Not only is there no argument here showing that Sinox brought this litigation "in bad faith" or "ignored the entirety of the . . . prosecution history," but the issue in this case is fundamentally different from cases where the litigation is brought "in spite of case-dispositive . . . prosecution histories" because the prior art that purportedly undermines the merits of Sinox's substantive position is contained in *separate* patent applications. *Id.* WordLock, however, essentially bases its argument on the fact that Sinox's counsel should have known about the prior art and was "grossly negligent" in filing the action against WordLock. (Doc. # 44 at 13-14.) However, the record before the Court, at best, supports only the conclusion that mere negligence was involved in filing the action against WordLock.

This case is analogous to *Computer Software Prot., LLC v. Adobe Sys. Inc.*, 12-cv-00451, 2015 WL 1517402, at *2 (D. Del. Mar. 31, 2015), *aff'd*, 2016 WL 945248 (Fed. Cir. Mar. 14, 2016), where the defendants argued that the cases were exceptional because they would have prevailed on their various defenses if the cases had not been dismissed. The court there noted, however, that none of the defenses posited by the defendants were so evident from the record that the court could "say with any certainty that defendants not only would have succeeded on the merits, but that the strength of their arguments would have been exceptionally dispositive." *Id*. at *4-5. Similarly, there has been no determination here that the Chinese prior art invalidates Sinox's '756 Patent, and the Court is not prepared to find that, based on disclosures filed in separate patent applications, not only would WordLock have succeeded on the merits but that the "strength of [its] argument would have been exceptionally dispositive." *Id.*

Accordingly, the Court finds that this case is not sufficiently exceptional to warrant an award of attorney fees under Section 285.

## IV. **CONCLUSION**

For the foregoing reasons, it is hereby

ORDERED that WordLock's Motion to Declare Case Exceptional and for an Award of Attorneys' Fees and Costs and Statement of Compliance with Civil Rule 7.1 (Doc. # 44) is DENIED.

DATED: March 31, 2016            BY THE COURT:

                                 _____
                                 CHRISTINE M. ARGUELLO
                                 United States District Judge

7